EXHIBIT C

#163009

Lowell N. Hawkes (ISB #1852)
Ryan S. Lewis (ISB #6775)
LOWELL N. HAWKES, CHARTERED
1322 East Center
Pocatello, ID 83201
Phone: (208) 235-1600
Fax:   (208) 235-4200
Email: LNHChartered@yahoo.com
  *Counsel for Plaintiff*



# IN THE IDAHO SIXTH JUDICIAL DISTRICT COURT
## BANNOCK COUNTY, IDAHO

| | |
|---|---|
| HUDCO, INC., dba OK TRAILER SALES, an Idaho corporation, | Case No. CV-2013-4406-OC |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota corporation, | |
| Defendant. | |

### District Court Jurisdiction

1. The District Court has jurisdiction because the amount at issue herein is in excess of $10,000.00.

### The Parties

2. Plaintiff Hudco, Inc. is an active Idaho corporation in good standing originally incorporated December 14, 1976 and doing business primarily under the trade

**COMPLAINT AND DEMAND FOR JURY TRIAL — Page 1**
*Hudco, Inc. v. Federated Mutual Insurance Company*

name "OK Trailer Sales" (the registered Assumed Business Name for the corporation) in Shelley, Idaho.

3. Defendant Federated Mutual Insurance Company ("Federated") is a Minnesota corporation with its Home Office in Owatonna, Minnesota. Federated was originally organized August 5, 1904 and, at all times material herein, was authorized to do business in Idaho and had been writing property and casualty insurance in Idaho through its authorized agents since April 1, 1921.

4. On September 27, 2011 a fire completely destroyed the Plaintiff's OK Trailer Sales two main buildings and business facilities in Shelley, Idaho.

5. On September 27, 2011 the Plaintiff's OK Trailer Sales two main buildings and business facilities in Shelley, Idaho were insured against fire and fire-related losses with Defendant Federated Mutual Insurance Company.

6. The insurance coverage and limits with Defendant Federated were those coverages and limits that Defendant's agents and representatives had assured Plaintiff were sufficient to fully cover any total loss from a casualty such as the fire that actually occurred on September 27, 2011.

7. Specifically, at the time of the fire, the buildings fire insurance coverage totaled $1,225,000; that coverage was stated in the "Supplemental Declarations Commercial Property Coverage Part" of the policy as $980,000 ($525,000 plus $455,000 — the base coverage for the two main buildings) *plus* an additional 25% "Insurance Extension" through an "Additional Value Protection Endorsement."

## Coverage Facts

8. The fire of September 27, 2011 destroyed, in addition to the two main building structures, the substantial Stock/Parts Inventory that were in the buildings that were used to maintain and repair the trailers and components that Plaintiff sold in the normal conduct of its business.

9. The loss that Plaintiff sustained from the loss of its Stock/Parts Inventory was $177,277 — the value of the Stock/Parts Inventory as determined by routine business records existing immediately prior to the fire.

10. The "Building and Personal Property Coverage Form" portion of the Plaintiff's policy with Defendant Federated provided that "Personal Property" that was "located in or on the building" was covered "unless otherwise specified in the Declarations" itemization of the policy:

> **A. Coverage**
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1. Covered Property** * * *
> **a. Building**...* * *
> **b. Your Business Personal Property** *located in or on the building* described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, *consisting of the following unless otherwise specified in the Declarations* or on the Your Business Personal Property - Separation of Coverage form:
> (1) Furniture and fixtures;
> (2) Machinery and equipment;
> (3) "Stock";
> (4) All other personal property owned by you and used in your business;
> * * * — **"Business And Personal Property Coverage Form" Page 1 of 15 ("Insured Copy")** (Bold is in original, *Italics* added.)

11. The Stock/Parts Inventory that Plaintiff lost in the fire was "Personal Property" that was "located in or on the building" within the meaning of the Defendant Federated's policy with Plaintiff.

12. The Stock/Parts Inventory that Plaintiff lost in the fire was "stock" and "personal property" included within the Buildings coverage because it was not otherwise specified in the Declarations of coverage section nor separately identified in the Declarations of coverage itemization (as set forth in paragraph 10 above).

13. After the fire, Plaintiff furnished Defendant Federated with proof of the value of its lost Stock/Parts Inventory with documentation from the outside-CPA business records prepared just prior to the fire and showing the Stock/Parts Inventory valued at $177,277.00 but Defendant Federated still failed and refused to pay any portion of the $177,277.00 loss.

14. Originally Federated denied payment for the $177,277 stock/parts inventory loss on the basis that the loss was not documented, suggesting that Plaintiff was to be denied coverage because its business records on the business premises were destroyed in the fire.

15. Thereafter, Defendant Federated ultimately acknowledged that those business records and documentation on the premises would have literally "gone up in smoke" and therefore commissioned a forensic accountant to work with the Plaintiff's outside-CPA and look into the Stock/Parts Inventory loss together with other loss and monetary issues.

16. Defendant's forensic accountant was ultimately satisfied — and so advised Defendant Federated — with the financial statements and documents furnished by Plaintiff's regular outside accounting firm and CPA and specifically the Plaintiff's "Accountants' Compilation Report" dated August 8, 2011 showing under "Current Assets" that the "Parts Inventory" immediately prior to the fire was $177,277. The Defendant's forensic accountant otherwise informed Defendant Federated that the financial and inventory recordkeeping of Plaintiff was found to be regular and complete, without irregularity in the financial record keeping, and that the Stock/Parts Inventory values set forth in the regularly-maintained business accounting records were valid.

17. Though Defendant Federated made substantial required insurance payments for reconstruction of Plaintiff's structural facilities, such payments did not exceed the total buildings and Stock/Inventory loss coverage of $1,225,000 that existed; Defendant Federated paid only $1,044,628.88 towards the full loss leaving unused and available residual insurance loss coverage in the amount of $180,371.12.

18. The residual *available* building and stock inventory insurance coverage of $180,371.12 was *more than* that unpaid but actual loss to Plaintiff of the $177,277.00 Stock/Parts Inventory.

19. Under *Idaho Code* § 28-22-104 the unpaid but insurance-covered $177,277 of Stock/Parts Inventory is subject to a 12% per annum interest charge ($58.2828 per day) because "not paid when due" and is not subject to policy limits.

20. Plaintiff has provided to Defendant Federated additional incentive to comply with its insuring obligations by offering to waive over $15,000 of accrued interest on the Stock/Parts Inventory loss of $177,277 but Defendant Federated further continued and refused to pay any portion of the destroyed Stock/Parts Inventory.

21. The refusal and failure to pay for the Stock/Parts Inventory loss was a breach of contract for which Defendant Federated as an Idaho registered insurance company is also liable for attorney fees under *Idaho Code* §41-1839.

### Demand for Jury Trial

Plaintiff demands trial by jury of twelve persons on all issues.

WHEREFORE, Plaintiff prays for its damages against Defendant, without limit, as shown by the evidence, including interest, costs, attorney fees, and such other relief as the Court determines proper.

DATED this 14th day of November, 2013

LOWELL N. HAWKES, CHARTERED

*(signature)*
LOWELL N. HAWKES

*(signature)*
RYAN S. LEWIS