UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUDCO, INC., dba OK TRAILER SALES, and Idaho Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No. 4:13-cv-00521-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it cross-motions for summary judgment on Plaintiff Hudco, Inc.'s breach-of-insurance contract claim against Defendant Federated Mutual Insurance Company. This case arises from a dispute between Hudco and its insurer, Federated, over the amount of coverage Federated's policy provides to Hudco in connection with fire damage to Hudco's RV dealership. Hudco alleges that Federated owes it an additional for $177,277 in lost Stock/Parts Inventory.

The Court heard oral argument on October 8, 2014, and took the motions under advisement. For the reasons expressed below, the Court will grant Federated motion for summary judgment and deny Hudco's motion.

## BACKGROUND

Plaintiff Hudco, Inc. owns and operates an RV dealership in Shelley, Idaho under the name OK Trailer Sales. Hudco obtained a commercial package insurance policy from Federated for the policy period from March 1, 2011, to March 1, 2012. On September 27, 2011, during the policy period, a fire erupted at OK Trailer Sales and destroyed an office building and a repair shop, along with the stock and inventory housed inside the buildings.

Hudco submitted a claim to Federated. Within 30 days, Federated paid out the Building limits of $980,000 and the full Personal Property Limit of $150,000. In addition, Federated paid $395,564.61 in Business Income coverage and $45,000 in coverage for the Personal Property of Others, including the Policy's $20,000 limit for Personal Property of Others and an additional $25,000 limited provided by the Policy's Employee Tools & Equipment Extension. The total amount Federated paid out was $1,795,938.60. Federated maintains that this amount represents the limits of what it owes under Hudco's insurance policy.

Hudco, however, disagrees. It claims that it still has not been compensated for $177,277 in lost Stock/Parts Inventory. Specifically, Hudco contends that "[t]he Stock/Parts Inventory that [Hudco] lost in the fire was 'stock' and 'personal property' included within the Building coverage because it was not otherwise specified in the Declarations of coverage section nor separately identified in the Declarations of coverage itemization." *Def's SOF*, ¶ 15. Hudco further claims that "assurances of coverage" were

provided by Federated. Seeking to recover this money that Hudco says Federated owes, Hudco filed this lawsuit alleging claims for breach of insurance contract and promissory estoppel. Both parties filed a motion for summary judgment.

## LEGAL STANDARD

One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims ...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, id. at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir.1988).

The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist*., 237 F.3d

1026, 1029 (9th Cir.2001) (quoting Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir.1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir.2003).

There is, however, an exception to this rule when cross-motions for summary judgment are filed. In that case, the Court must independently search the record for issues of fact. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The filing of cross-motions for summary judgment—where both parties essentially assert that there are no issues of material fact—does not vitiate the court's responsibility to determine whether disputed issues of material fact are present. *Id.* Accordingly, since the Court already has a duty to scour the record to resolve cross-motions for summary judgment, the Carmen line of cases discussed above does not apply to cross-motions.

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n. 3 (9th Cir. 1995). The Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with

personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

## ANALYSIS

**1. Insurance Contracts, If Ambiguous, Must Be Construed in Favor of the Insured.**

Generally, Idaho courts construe insurance contracts in accordance with their plain, unambiguous language. *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.,* 115 P.3d 751, 754 (Idaho 2005). "In construing an insurance policy, the Court must look to the plain meaning of the words to determine if there are any ambiguities." *Id.* Whether ambiguities exist is a question of law for the court to determine. *Farm Bureau Mutual Insurance Co. Of Idaho v. Schrock*, 252 P.3d 98, 102 (Idaho 2011). Like other contracts, insurance policies are ambiguous if they are reasonably subject to conflicting interpretations. *Id.*

When interpreting an insurance policy, the court "must determine what a reasonable person in the position of the insured would have understood the language to mean." *Perry v. Farm Bureau Mut. Ins. Co. of Idaho*, 936 P.2d 1342, 1345 (Id. Ct. App. 1997). Where policy language is found to be unambiguous, the court is to apply the policy as written, "and the Court by construction cannot create a liability not assumed by the insurer nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Purvis v. Progressive Casualty Ins. Co.*, 127 P.3d 116, 119 (2005).

## 2. The Policy Is Unambiguous

Hudco's policy covers loss or damage to "Covered Property" at Hudco's RV dealership. Covered Property includes (1) "Building, meaning the building or structure described in the Declarations…", (2) "Your Business Personal Property," which includes "Stock," and (3) "Personal Property of Others." *Policy* at 3, Dkt. 14-5.

The two categories at issue are "Building" and "Your Business Personal Property." The initial terms of the policy are undisputed, and show a (1) Business Personal Property limit of $150,000 and (2) a Building limit of $980,000. *Policy* at 18. Dkt. 14-4. The Building limit allows for a 25% Additional Value Protection Endorsement if building replacement costs exceed the building limit. *Policy* at 19. Dkt. 14-7. The policy's "Limits of Insurance" provision unambiguously states that the specified limit is the "most" Federated will pay for loss of the described covered property. That provision provides: "The most we will pay for loss or damage in any one occurrence is the *applicable* Limit of insurance shown in the Declarations." *Id.* (Emphasis added).

Federated paid to Hudco $1,044,628.88 for Building loss, and $150,000 for lost Stock. The $150,000 paid for lost Stock met the limit for "Your Business Personal Property." Hudco, however, argues that the "Stock/Parts Inventory that Plaintiff lost in the fire was 'stock' and 'personal property' included within the *Buildings* coverage because it was not otherwise specified in the Declarations of coverage section nor separately identified in the Declarations of coverage itemization." *Def's SOF* ¶

15)(emphasis supplied). Hudco therefore reasons that because Federated has paid a sum that is less than the $1,225,000 "Building" coverage limit (after the 25% Additional Value Protection Endorsement is applied), there is a residual "unused" portion of the Building coverage limit – $180,371 – that is available to pay for the loss of Stock/Parts Inventory.

This argument fails because 1) the 25% limit extension does not create residual coverage above the initial building limit, and 2) the Additional Value Protection Endorsement applies only to Building coverage.

First, the building limit is $980,000. The limit extension is only triggered when building replacement costs exceed the Building limit, and only "to cover a deficiency in the building replacement cost limit that may exist at the time of loss…" *Id.* There will never be residual coverage beyond the Building limit because an increase in coverage directly correlates to a deficiency in the Building limit to cover replacement cost.

Second, even if the Additional Value Protection Endorsement created residual coverage, it could not be used to compensate for lost stock/parts inventory. "Stock" is clearly listed under "Your Business Personal Property" in the policy agreement, *Policy* at 3. Dkt. 14-5, which has a separate coverage limit from the "Building," *Policy* at 18. Dkt. 14-4. Interplay between property designations and limits would defeat the purpose of having limits and designations at all. It is clear that these designations and limits are deliberate. The court cannot find any reasonable reading of the policy that would allow

Stock to be covered under the "Building" limit. Stock is clearly covered under the "Your Business Personal Property" limit. *Policy* at 3. Dkt. 14-5.

Hudco's argument that the Business Personal Property limit covers a minimum of $200,000 also fails. *Policy* at 5. Dkt. 14-8. The Business Personal Property limit was increased from $150,000 to $200,000. But it is undisputed that this amendment came *after* the fire had happened. The Court doesn't need to rule on the ambiguity of the amendment, because only coverage at the time of the fire is relevant.

### 3. Hudco Cannot Meet the Elements of Promissory Estoppel.

Idaho's test for estoppel in insurance contracts is set out in *Lewis v. Continental Life & Accident Co.*: "where a policy holder is induced to enter into contract in reasonable reliance on promises of or agreements with the soliciting representative of that insurance company thereby leaving the insured person or property otherwise unprotected, and the company profits from that change of position, that the insurance company is estopped to deny the liability for which it actually contracted by raising provisions from its own printed policy form." 461 P.2d 243, 246 (Idaho 1969).

Hudco cannot satisfy the elements for estoppel because he cannot show the he reasonably relied on any promise or assurance. First, Hudco argues that Federated assured it that it was covered for the total loss the morning after the fire. But promises made *after* the fire are not relevant because Hudco could not have reasonably relied on an assurance made after Hudco entered into the contract.

Next, Hudco claims that for decades, they met with American Hardware to assure they were covered in case of a total loss. *C. Hudman Aff.* ¶¶ 5-8 Dkt. 27-2. Hudco claims that they were told "that the coverage with Federated 'was as good as or better' than the coverage [they] had historically [] with American Hardware." *Id.* ¶ 8. This claim is flawed, however, because it forces the court to assume that circumstances are constant. Even if Hudco was promised full coverage historically, the nature of such a promise is an assessment of circumstances at the time and carries no warranty for the future. This is evident by the fact that just over a year before the fire, Hudco listed their personal property value at $150,000, *Sullivan Dec.* at 6 Dkt. 26-2, making any historical assurances of adequate coverage seem accurate and fulfilled.

Hudco also contends that "[p]rior to September 27, 2011, our company had received clear and unequivocal assurances from Defendant's authorized agent through whom we placed our insurance that the casualty insurance coverage and limits for which Hudco, Inc. was written were sufficient to fully cover any total loss…" *Ball Aff.* ¶ 5 Dkt. 16-1. This affidavit does not specify the circumstances, mode, or time when such a promise was made. Such vague and conclusory statements do not suffice to create an issue of fact.

Hudco's claim also fails to meet the "profit" component of estoppel because they show no evidence that Federated has profited from any change in position. *Lewis,* 461 P.2d at 246. Hudco has also failed to show a change in position. *Id.*

Because Hudco's claim fails to meet the elements of promissory estoppel, summary judgment is granted to Federated. No interest has accrued because there is no payment owed.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

**IT IS ORDERED:**

1. Federated Motion for Summary Judgment (Dkt. 14) is **GRANTED**.

2. Hudco's Motion for Summary Judgment (Dkt. 15) is **DENIED**.

DATED: December 18, 2014

B. Lynn Winmill
Chief Judge
United States District Court